**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SEBASTIAN LEIGH ECCLESTON,      :
                                       Civil Action No. 11-1352 (JAP)
       Petitioner,       :

       v.                :    **OPINION**

UNITED STATES OF AMERICA,       :

       Respondent.       :

**PISANO,** District Judge

    Petitioner Sebastian Leigh Eccleston, a prisoner currently confined at the United States Penitentiary at Lompoc, California,[1] has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[2] challenging the calculation of his sentence.

    This matter is presently before the Court pursuant to Respondent's Motion [9] to Dismiss.

---

[1] At the time he submitted his Petition, Petitioner was confined within the District of New Jersey. Accordingly, this Court retains jurisdiction to decide this matter.

[2] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

I.  BACKGROUND

On a date not reflected in the record presented to this Court, Petitioner was arrested by state authorities in New Mexico on murder and related charges and was then detained in state custody.  Eccleston v. United States, Civ. No. 09-2654, 2010 WL 44562 (D.N.J. Feb. 3, 2010), aff'd, 390 Fed.Appx. 62 (3d Cir. 2010).

While in state custody, Petitioner was indicted in federal court on carjacking and related charges.  See United States v. Eccleston, Crim. No. 95-0014, 1997 U.S. App. LEXIS 35615 (10th Cir. 1997).  On March 7, 1996, May 3, 1996, and October 29, 1996, pursuant to writs of habeas corpus ad prosequendum issued by the U.S. District Court for the District of New Mexico, U.S. Marshals brought Petitioner from state custody to proceedings in federal court and returned him to state custody immediately thereafter.

Specifically, on October 29, 1996, Petitioner was brought to federal court for sentencing in Criminal Action No. 95-0014 (D.N.M.).  On that date, Petitioner was sentenced to an aggregate term of 417 months' imprisonment to be followed by three years' supervised release.

Several hours later, also on October 29, 1996, after being returned to state authorities, Petitioner was sentenced in state court following his conviction pursuant to a guilty plea of murder and conspiracy to commit murder.  State of New Mexico v.

Eccleston, Crim. No. 94-3191 (Second Judicial District, County of Bernalilio, State of New Mexico).  In state court, Petitioner was sentenced to a term of life imprisonment and a consecutive term of nine years, all to run concurrently with the previously-imposed federal sentence.  See Mot. to Dismiss, Decl. of Kinda Flagg.

In January 2011, Petitioner's New Mexico life sentence was vacated and he was re-sentenced to a term of imprisonment of sixteen years.  On January 28, 2011, the State of New Mexico released Petitioner from his state sentence.  Officials in New Mexico have advised the Federal Bureau of Prisons that Petitioner's sentence was satisfied as of July 9, 2006.

Upon his release from state prison, Petitioner was transferred to the United States Marshal Service and is now confined at the United States Penitentiary at Lompoc, California.

Here, Petitioner challenges the calculation of his federal sentence, asserting that he should have been awarded credit for various periods of custody prior to the time he entered federal custody on January 28, 2011.  Respondent has moved to dismiss on the ground that Petitioner has failed to exhaust his administrative remedies.[3]  Petitioner has not filed any opposition to the motion to dismiss.

---

[3] Indeed, Petitioner has failed to file any administrative remedies since he entered federal custody.  See Mot. to Dismiss, Decl. of Vanessa Herbin-Smith.

II.  ANALYSIS

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if

the administrative procedure is clearly shown to be inadequate to prevent irreparable harm").

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."[4]  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the

---

[4] "This rule does not require the inmate to file under the Administrative Remedy Program before filing under statutorily-mandated procedures for tort claims (see 28 CFR 543, subpart C), Inmate Accident Compensation claims(28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D),[ or other statutorily-mandated administrative procedures]."  67 Fed. Reg. 50804-01, 2002 WL 1789480 (August 6, 2002).

Regional Director signed the response.[5]  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987.  United States v. Wilson, 503 U.S. 329 (1992); 18 U.S.C. § 3585.  The Attorney General has delegated that authority to the Director of the Bureau of Prisons.  28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and second, the extent to which credit is available for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or

---

[5] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

>	(2) as a result of any other charge for which
>	the defendant was arrested after the
>	commission of the offense for which the
>	sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b).

The claim presented by Petitioner -- that he should be awarded credit against his federal sentence for certain periods of custody prior to January 28, 2011 -- is precisely the type of claim review of which depends upon the development of an administrative record.  Nothing before this Court suggests that exhaustion of administrative remedies would be "futile."

III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.  An appropriate order follows.

<u>S/ Joel A. Pisano</u>
Joel A. Pisano
United States District Judge

Dated: December 7, 2011